No. 21,731.

FRANK DAESCHNER, *Appellee*, v. A. G. GIBSON, *Appellant*.

SYLLABUS BY THE COURT.

DAMAGES—*Injury to Heating Plant—Judgment for Plaintiff Modified.*
On the facts stated in the opinion it is held that the judgment should be modified by giving the defendant credit on the judgment for $200 agreed to be paid to the plaintiff by a third party on the same cause of action.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed October 12, 1918. Modified.

*F. M. Pearl,* of Hiawatha, and *H. A. Lambert,* of Auburn, Neb., for the appellant.

*W. E. Archer,* of Hiawatha, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In the fall of 1916 the defendant had the general contract for the erection of a school building in district No. 13 in Brown county. The plaintiff had the contract for installing in the building a heating system. Late in the following January the heating plant, which was practically completed, had been tested and found satisfactory, but had not been formally accepted nor paid for by the district board. It was being used with the knowledge and consent of the board, however, for the purpose of heating the building while the defendant finished the work under his contract. The plaintiff

brought this action to recover damages, alleging that on account of the carelessness of defendant's employees in wrongfully taking possession of the heating plant and allowing the water to freeze and burst the pipes, it became necessary for him to purchase and install a new boiler, fittings, and supplies, in order to repair the plant, and that he incurred expenses amounting to $500, for which he asks judgment. The answer was a general denial and a plea of contributory negligence. The jury returned a verdict in favor of the plaintiff for $385.60, and defendant appeals from the judgment.

It is complained that the court excluded competent testimony, which has been brought upon the record by affidavits in support of the motion for a new trial. The defendant contended and sought to show that the heating system had been turned over to the school board. He offered evidence to show that he refused to sign his contract for the erection of the building unless the board would agree to furnish him heat to finish the work, and that the board agreed to do this; also, that the board wanted the schoolhouse finished, which could not be done without heat, and that he notified the board that he was about to suspend work unless heat was furnished according to his contract with the board, and that, on the demand of the members of the board, plaintiff connected up the heating plant, tested it out and turned it over to the board. He also offered evidence to show that after the accident occurred and the plant had been damaged the district board met with the plaintiff and agreed to pay him $200 additional provided he would repair the heating system. Some of this testimony was excluded, but sufficient was admitted to show that the board did agree to pay him this amount toward the expense of repairing the injury to the heating system. It is not denied that the contract was made with the board, but it is claimed that the contract was without consideration and void. There is a contention, too, that the $200 was not to be in lieu of damages, but merely to induce plaintiff to consent to make the repairs. This seems technical and without substantial merit. If the arrangement by which the board was to pay plaintiff $200 toward the expense of the repairs is valid and enforceable, he ought not to be permitted to recover from defendant more than the difference between that and the ac-

tual damages he sustained. We think the court erred in holding that proof of the subsequent contract would be competent only on condition that it could be shown that the money which the board agreed to pay was to be in lieu of damages. Of course, it was to be paid to compensate plaintiff for repairing the damages to the heating system. If he were paid the contract price for his work and someone else made the repairs plaintiff would have sustained no damages at all. The court charged that the evidence showed that the heating plant at the time the accident occurred had not been accepted by the board. While it had not been formally accepted, the evidence shows that the heating system had been fired up and tested by the plaintiff and was found to be satisfactory. It was practically completed, and members of the board testified they took part in operating it during the absence of the plaintiff. It appears from the evidence, too, that the system was operated with the knowledge of the members of the board, and that they consented to defendant's use of it for the purpose of furnishing heat while he finished the plastering and other parts of the work included in his own contract. No formal turning over of the system was necessary to accomplish at least the temporary acceptance of it by the board. Moreover, the evidence seems to show, without any serious conflict, that it was understood by all the parties that the heating plant would be used for heating the building while the defendant was finishing his contract. There was at least a question whether the board might not be held responsible for the repairs, and it cannot, therefore, be said that the arrangement to pay the plaintiff $200 for repairing the damages was without consideration. Since the amount of compensation plaintiff should receive has been determined by the jury, and there is no room for a serious dispute as to the other facts, it would be useless to require another trial. In our opinion, justice will be best subserved by having the judgment credited with the amount the district board agreed to pay plaintiff, and the judgment will be modified accordingly.